UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOLIE BAILON,

                              Plaintiff,

                    -v.-

POLLEN PRESENTS and SCOOTER BRAUN
PROJECTS LLC,

                              Defendants.

---

22 Civ. 6054 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On October 9, 2023, Plaintiff Jolie Bailon filed a letter motion seeking transfer of this case to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1404(a).  (Dkt. #78).  Remaining in this action are Defendants Pollen Presents ("Pollen Presents") and Scooter Braun Projects LLC ("Braun," and together with Pollen Presents, "Defendants"), who have not yet appeared in this matter, given Plaintiff's failure to effectuate proper service. (*See* Dkt. #77 (ordering Plaintiff to serve Pollen Presents and Braun within thirty days or provide good cause for such failure)).  For the reasons that follow, the Court grants Plaintiff's motion.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought."  28 U.S.C. § 1404(a).  As a preliminary matter, this action could have been brought in the District of Nevada because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  (*See* Dkt. #76 at 2-6 (detailing the events of the "Las Vegas Weekender" as recited in the Fourth Amended Complaint)).

Therefore, the Court considers the following non-exhaustive list of factors to determine whether transfer to the District of Nevada is appropriate, which factors include:

> [i] the convenience of witnesses, [ii] the convenience of the parties, [iii] the locus of operative facts, [iv] the availability of process to compel the attendance of unwilling witnesses, [v] the location of relevant documents and the relative ease of access to sources of proof, [vi] the relative means of the parties, [vii] the forum's familiarity with the governing law, [viii] the weight accorded the plaintiff's choice of forum, and [ix] trial efficiency; and the interest of justice, based on the totality of the circumstances.

*Dealtime.com Ltd.* v. *McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000).  At the same time, "[t]here is no rigid formula for balancing these factors and no single one of them is determinative."  *Citigroup Inc.* v. *City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

These factors clearly dictate that transfer is appropriate.  First, the locus of operative facts is within the District of Nevada, given that almost the entirety of the relevant events transpired in Las Vegas, and almost none took place in the Southern District of New York.  *See Sec. & Exch. Comm'n* v. *Hill Int'l, Inc.*, No. 20 Civ. 447 (PAE), 2020 WL 2029591, at *4 (S.D.N.Y. Apr. 28, 2020) ("This factor substantially favors transfer from this district when a party has not shown that any of the operative facts arose in the Southern District of New York." (internal quotation marks and citation omitted)).  The District of Nevada is also most likely the home for the majority of the potential witnesses to the events at issue, as well as the location where relevant documentary evidence is maintained.  *See Everlast World's Boxing Headquarters Corp.* v. *Ringside, Inc.*, 928 F. Supp. 2d 735, 743

2

(S.D.N.Y. 2013) ("The convenience of witnesses is an important consideration, and has often been described as the single most important § 1404(a) factor." (collecting cases)).  Relatedly, the United States District Court for the District of Nevada is also best positioned to compel the attendance of any unwilling witnesses.

Turning to the relative convenience of the parties, the fact that Plaintiff is requesting transfer to the District of Nevada indicates both Plaintiff's desire and ability to litigate there.  As to Defendants, the Court notes that previously-dismissed Defendants Wynn Resorts and Justin Bieber each moved for a transfer of venue to the District of Nevada, should this Court have denied each party's motion to dismiss.  (*See* Dkt. #63 at 21-24; Dkt. #65 at 18-19).  These motions suggest that litigation in that district would not have been burdensome for either party.  While Pollen Presents and Braun have not yet appeared in this matter and therefore have made no representation about their ability to litigate in the District of Nevada, this Court has no reason to believe that litigating in that district would be any more inconvenient for either party than litigating in the Southern District of New York.

Finally, the Court recognizes that Plaintiff's complaint seeks, among other things, a variety of common-law claims against Defendants in connection with events that occurred at a casino and resort on the Las Vegas Strip, with which particular pairing of claim and setting the Court believes that its sister court in the District of Nevada would be familiar and well-equipped to handle.  As a whole,

3

therefore, the Court finds that the totality of the circumstances and the interest of justice favor transfer.

Accordingly, Plaintiff's motion to transfer this case pursuant to 28 U.S.C. § 1404(a) is GRANTED.  The Clerk of Court is directed to transfer this action to the United States District Court for the District of Nevada.[1]

SO ORDERED.

Dated:   October 17, 2023
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[1]     After her case has been transferred and reassigned, Plaintiff may renew her motions seeking an extension of time to serve Pollen Presents and Braun.  (Dkt. #79).  Additionally, Plaintiff may petition that court for leave to rejoin Wynn Resorts to the litigation, subject to any appropriate jurisdictional considerations being satisfied.